IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LA VERNE HUTTO, Personal Representative of the Estate of Sven Haakanson, Sr., on behalf of the Estate of Sven Haakanson, Sr., and the Beneficiary of the Estate,

Plaintiffs,

vs.

UNITED STATES OF AMERICA; HANS U. TSCHERSICH, M.D.; JOHN G. LUNDBLAD, M.D.; and KODIAK ISLAND HOSPITAL AND CARE CENTER,

Defendants.

No. 3:05cv0088-RRB

O R D E R

Request for Settlement Conference

One or more of the parties to this case have requested a settlement conference.[1]

In preparation for scheduling a settlement conference before the Honorable H. Russel Holland, each party shall, on or before noon on April 7, 2006, deliver to the settlement judge a settlement conference memorandum under seal in conformity with the attached appendix. A settlement conference is tentatively scheduled for April 25, 2006, at 1:30 p.m. The settlement conference judge will undertake a preliminary review of the

---

[1] See Judge Beistline's order of February 13, 2006, Clerk's Docket No. 17.

- 1 -

settlement conference memoranda.  A settlement conference will be confirmed only if there is reason to believe, on the basis of these memoranda, that a settlement of the case can be negotiated with the assistance of the court.[2]

A party's settlement memorandum may not be disclosed to anyone without the party's consent and is not admissible in evidence.

At any conference scheduled as a result of this order, all counsel shall appear with full authority to settle all issues of this litigation; and, if such authority is impossible to obtain, counsel shall have their clients, with full settlement authority, available in person or by telephone at the time specified.  The court expects a client or well-informed client representative to attend the settlement conference with counsel.

Dated at Anchorage, Alaska, this 17th day of March, 2006.

/s/ H. Russel Holland
United States District Judge

---

[2]    The court has experienced many failed settlement conferences.  By and large, these failures appear to be the result of unrealistic case evaluations by counsel. Efforts to settle a case where the parties are very far apart in their evaluations almost always fail.  The court does not intend to conduct a settlement conference in a case where it appears, based upon representations made in the settlement conference memoranda, that one or both of the parties have taken an unrealistic position.  At the time when settlement conference memoranda are delivered to the settlement judge, counsel simply must make a full disclosure of their best evaluation of the potential outcome of the case and what they are willing to take to settle it.  All of the strengths and weaknesses of one's case must be discussed in the parties' settlement conference memoranda and be given appropriate effect in one's settlement position as to the worth of the case.

APPENDIX

    (1) Each counsel shall deliver to the settlement judge a brief informal statement (one copy only) under seal of his or her client's position regarding settlement. The strengths and weaknesses of one's position must be candidly disclosed and appraised.

    (2) The statement required by paragraph (1) may not exceed twenty pages (including attachments), double-spaced, on standard 8.5" x 11" paper.

    (3) If plaintiff seeks monetary damages, a specific present reasonable dollar figure requested by plaintiff must be set forth. If plaintiff is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons that no such figure can be included.

    (4) Defendants must set forth their present reasonable dollar figure offer. Likewise if defendants are unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons no such figure can be included.